SINNOTT vs. MICHEL.

**APPEAL** from the court of the first district.

PORTER, J. delivered the opinion of the court. The defendant resists the execution of an order of seizure and sale upon property of which she is the third possessor.

She alleges that judgment was not regularly obtained against the principal debtor.   Admitting this to be true, it is immaterial; for by the late change introduced into our law, when the mortgage is established by authentic act, the creditor may enforce it on property in the hands of third persons, without any other formality than the production of the act of mortgage, making oath of the existence of the debt, and giving the possessor ten day's notice. *Code of Practice,* **69, 70.**

She has made other exceptions, several of which do not require our attention, there being no evidence on record to support them.  There is however one of a different nature, and the question it presents offers the only difficulty in the case as it is before us.

The fourth exception is in these words:

VOL. VII. N. S.        73

*Eastern Dist*
*March,* 1829.

SINNOTT
*vs.*
MICHEL.

An order of seizure and sale cannot issue on property in the hands of a third person unless on the production of an act of mortgage duly recorded.

SINNOTT
*vs.*
MICHEL.

"That the said Nicholas Sinnott cannot maintain his present action against the respondent on the copy of mortgage annexed to the said Sinnott's petition, because the said Sinnott has not satisfied your honor that the said mortgage has ever been duly recorded, as it ought to be to bind third possessors.

The plaintiff insists, that this exception does not put the recording of the mortgage at issue. It only objects to its not being shewn to the judge before issuing the order of seizure; and this he contends the law did not require him to do.

Admitting the pleadings to put nothing else at issue, than the plaintiff admits it does, we think it presents a good exception. To entitle the creditor to the exercise of the hypothecary action, and the enforcement of his mortgage on property in the hands of third persons, it is necessary he should shew that they are affected by it: and the mere production of the act of mortgage, without evidence of its being recorded, will not authorize the issuing an order to sell property in the hands of third persons: no more than an act not importing a confession of judgment, would justify an order of seizure

and sale against the principal debtor. The conrt below erred in overruling the exceptions of the defendant.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed; that the exception of the defendant, and injunction issued thereon be sustained, and that the appellee pay costs in both courts.

*Hennen* for the plaintiff—*Cuvillier* for the defendants.